**UNITED STATES of America, Plaintiff,**

v.

**Felipe RUIZ–CASTRO (01), Manuel Javier Rodrigues (05), Jose Luis Vasquez (06), Randall Ramelb (07), et al., Defendants.**

**United States of America, Plaintiff,**

v.

**Robert Mahoney (11), Jose Angel Lemon–Pena (01), Eduardo Velasco (03), Thomas Marino, Sr. (04), Ana Marino (05), Tomas Marino, Jr. (06), et al., Defendants.**

**United States of America, Plaintiff,**

v.

**Leopoldo Castro–Lopez (08), Brian Joshua Jones (03), Leroy Mollena (04), Arturo Flores (05), Enrique Reyes (06), Guillermo Alvarez (07), Holmar Hernandez (10), Victor Navarez (12), Benito Muniz–Reyna (13), et al., Defendants.**

**Cr. Nos. 00–00182 SOM, 00–00185 SOM and 00–00188 SOM.**

United States District Court.
D. Hawaii.

Dec. 6, 2000.

Assistant U.S. Attorney Loretta Sheehan, Office of U.S. Attorney, Honolulu, HI, Plaintiff.

Arthur E. Ross, Honolulu, HI, for Defendants Samuel P. King, Jr., Felipe Ruiz-Castro.

William Harrison, Honolulu, HI, for Defendant Manuel Javier Rodrigues–Martinez.

Glenn D. Choy, Honolulu, HI, for Defendant Jose Luis Vasquez.

David Hayakawa, Honolulu, HI, for Defendant Randall Ramelb.

*ORDER DENYING DEFENDANT FELIPE RUIZ–CASTRO'S MOTION TO DISMISS ENTIRE INDICTMENT BASED ON SECTION 841 ORDER DENYING DEFENDANT ROBERT MAHONEY'S MOTION TO DISMISS COUNT ONE ORDER DENYING DEFENDANT LEOPOLDO CASTRO–LOPEZ'S MOTION TO DISMISS COUNT ONE ORDER DENYING DEFENDANT FELIPE RUIZ–CASTRO'S MOTION TO DISMISS ENTIRE INDICTMENT BASED ON SECTION 841; ORDER DENYING DEFENDANT ROBERT MAHONEY'S MOTION TO DISMISS COUNT ONE; ORDER DENYING DEFENDANT LEOPOLDO CASTRO–LOPEZ'S MOTION TO DISMISS COUNT ONE*

MOLLWAY, District Judge.

## I. *INTRODUCTION.*

Defendants in the above entitled actions have brought three motions to dismiss.

Each motion claims that 21 U.S.C. § 841 is unconstitutional based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000). Because neither *Apprendi* nor *Nordby* invalidated section 841, all three motions are denied.[1]

## II. *MOTION TO DISMISS STANDARD.*

█ Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense "which is capable of determination without the trial of the general issue." An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir.1991); *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir.), *cert. denied*, 488 U.S. 954, 109 S.Ct. 389, 102 L.Ed.2d 379 (1988). As a result, if the acts that have been alleged in the indictment do not constitute a criminal offense, then the indictment should be dismissed. *See, e.g.,*

*United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir.1983), *cert. denied*, 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984).

█ In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true. *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir.), *cert. denied*, 349 U.S. 922, 75 S.Ct. 662, 99 L.Ed. 1254 (1955).

## III. *BACKGROUND.*

### A. *Ruiz–Castro's Motion to Dismiss.*

Defendant Felipe Ruiz–Castro ("Ruiz–Castro") has moved to dismiss the entire First Superseding Indictment in Criminal No. 00–00182 SOM. That indictment charges him with, *inter alia*, distributing and possessing with intent to distribute cocaine, heroine, crystal methamphetamine, and marijuana in violation of 21 U.S.C. § 841.[2] Ruiz–Castro claims that section 841 is unconstitutional because it has separate provisions for prohibited conduct (section 841(a)) and for penalties for that conduct (section 841(b)).

Ruiz–Castro further claims that, because the penalty part of section 841 is not an element of a section 841 violation, section 841 is unconstitutional based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United*

---

1. Because the substance of each of these motions is nearly identical, the motions came on for hearing at the same time and this court issues a single order disposing of all three motions.

2. In pertinent part, section 841 states:
   (a) Unlawful acts
   Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....
   (b) Penalties
   Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

   (1)(A) In the case of a violation of subsection (a) of this section involving [a specified amount of a specified drug]—
   . . . .
   such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life....
   (B) In the case of a violation of subsection (a) of this section involving [a lesser specified amount of a specified drug]—
   . . . .
   such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years....
   (C) In the case of a controlled substance in schedule I or II ..., except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years....

*States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). Defendants Manuel Javier Rodrigues, Jose Luis Vasquez, and Randall Ramelb join in Ruiz–Castro's motion.

### B. *Mahoney's Motion to Dismiss.*

Defendant Robert Mahoney ("Mahoney") has moved to dismiss Count 1 of the Superseding Indictment in Criminal No. 00–185 SOM. Count 1 charges him with distributing and possessing with intent to distribute cocaine, heroine, crystal methamphetamine, and marijuana in violation of 21 U.S.C. § 841. Mahoney claims that Count 1 is unconstitutional on its face because it permits the maximum statutory penalty to be exceeded without requiring that a jury find drug quantities beyond a reasonable doubt.[3] Defendants Thomas Marino, Sr., Tomas Marino, Jr., Jose Angel Lemon–Pena, Eduardo Velasco, and Ana Marino join in Mahoney's motion to dismiss.

### C. *Castro–Lopez's Motion to Dismiss.*

Defendant Leopoldo Castro–Lopez ("Castro–Lopez") has moved to dismiss Count 1 of the First Superseding Indictment in Criminal No. 00–00188 SOM. Count 1 charges him with distributing and possessing with intent to distribute cocaine, heroine, crystal methamphetamine, and marijuana in violation of 21 U.S.C. § 841. He argues that section 841 is unconstitutional on its face because it is not in conformity with *Apprendi.* He claims that section "841(b) provides for penalties based upon types of drugs and quantities of drugs which may increase the statutory maximum [sentence] without findings by a jury based on facts proved beyond a reasonable doubt." In his reply, Castro–Lopez additionally argues that the Indictment is constitutionally deficient because it does not allege a particular quantity of drugs. Defendants Brian Joshua Jones,

Leroy Mollena, Arturo Flores, Enrique Reyes, Guillermo Alvarez, Holmar Hernandez, Victor Navarez, and Benito Muniz–Reyna join in Castro–Lopez's motion to dismiss.

## IV. *ANALYSIS.*

The thrust of the indictments in these three actions is that Defendants possessed with intent to distribute certain controlled substances and/or conspired to possess with intent to distribute certain controlled substances. Each indictment alleges violations of 21 U.S.C. § 841. Each of the present motions claims that section 841 is unconstitutional based on *Apprendi* and *Nordby.* However, none of the motions persuasively explains how *Apprendi* and *Nordby* make section 841 unconstitutional. Nor do the motions cite any authority holding section 841 unconstitutional. Accordingly, each of the motions is denied.

### A. *Apprendi* and *Nordby* Framework.

*Apprendi* held that

[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi*, 120 S.Ct. at 2362–63.

In *Apprendi*, the Supreme Court examined a New Jersey law that allowed a judge to enhance a sentence beyond the statutory maximum sentence for a crime if the judge found by a mere preponderance of the evidence that the crime was committed with a purpose of intimidating an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation, or ethnicity. *Apprendi*, 120 S.Ct. at 2351–52. The Supreme Court found that New Jersey law unconstitutional because it removed from the jury the assessment of facts that increased the pre-

---

**3.** Although a Second Superseding Indictment was filed in Criminal No. 00–00185 SOM on October 25, 2000, which was after the motion to dismiss was filed, the court deems Maho- ney's motion to dismiss to apply to the Second Superseding Indictment because the Second Superseding Indictment left still in issue the matters addressed by the motion.

scribed range of penalties to which a criminal defendant was exposed. *Id.* at 2363. The Supreme Court held that such facts must be established by proof beyond a reasonable doubt. *Id.* The Supreme Court limited its holding in *Apprendi* to cases in which the statutory range of punishment is exceeded. *See id.* at 2358 ("nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute") and at 2361 n. 13 ("We do not overrule *McMillan.* We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict").[4]

*Nordby* applied *Apprendi*'s holding to section 841. *Nordby* held that, for purposes of section 841, the amount of drugs is a fact that increases the prescribed statutory maximum penalty. Based on *Apprendi, Nordby* concluded that the amount of drugs is a fact that must be submitted to a jury and proven beyond a reasonable doubt. *Nordby,* 225 F.3d at 1056. Because the jury in *Nordby* was not asked to determine the quantity of marijuana plants upon which Nordby's sentence was based, and because the district judge determined the quantity of marijuana plants on a preponderance standard, the Ninth Circuit vacated Nordby's sentence and remanded the case "for imposition of a sentence not to exceed the statutory maximum applicable to the facts as found by the jury beyond a reasonable doubt." *Id.* The Ninth Circuit did not invalidate section 841, as Defendants would have this court do. Instead, the Ninth Circuit limited the sentence that could be imposed on Nordby.

In convicting Nordby under section 841, the jury had to have found that he had possessed some marijuana plants. But because the jury did not determine the number of marijuana plants, the "only sentence under § 841 justifiable under the facts as found by the jury would be a sentence (and possible fine) of not more than five years applicable to possession of less than 50 marijuana plants," the smallest number of plants referred to in the statute. *Id.* at 1059 (citing 21 U.S.C. § 841(b)(1)(D) (setting forth the statutory penalty for less than 50 marijuana plants)).

B.  *Apprendi* and *Nordby* do not Render Section 841 *Unconstitutional.*

■ Based on *Apprendi* and *Nordby,* Defendants make several arguments that section 841 is unconstitutional. First, they argue that *Apprendi* and *Nordby* make section 841 unconstitutional on its face. The court is not persuaded by this argument. Defendants cite no authority for this proposition. Moreover, if section 841 were unconstitutional, the Ninth Circuit would have invalidated the statute in *Nordby,* and the defendant in that case would have been released. Instead, the Ninth Circuit remanded the case to the district court for re-sentencing.

Nor is the court persuaded by the argument that section 841 is unconstitutional because of the so-called dichotomy between the prohibited conduct and the penalty parts of section 841. The Ninth Circuit was faced with this purported dichotomy in *Nordby* and still remanded the case to the district court for re-sentencing. *Nordby* stands for the proposition that, if the question of drug quantity is put to the jury and proved beyond a reasonable doubt, the court may sentence an individual under section 841(b) based on the amount of drugs determined by the jury. *Nordby,* 225 F.3d at 1059. When a jury does not find that a specific drug quantity has been established be-

---

4.  *McMillan v. Pennsylvania,* 477 U.S. 79, 81, 91, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), upheld a Pennsylvania statute that subjected a person convicted of certain enumerated felonies to a mandatory minimum sentence of

five years if the sentencing judge found, by a preponderance of the evidence, that the person "visibly possessed a firearm" during the commission of the offense.

yond a reasonable doubt, a defendant found to have violated section 841(a) may only be sentenced under section 841(b) for having had the minimum applicable drug quantity.[5] *Id.*

In response to the government's argument that any deficiency could be cured by use of a special verdict form, Castro–Lopez argues that the Indictment is constitutionally deficient because it does not expressly state drug amounts. Without such specificity, Castro–Lopez argues, he cannot know the exact amount of drugs for which he is allegedly responsible. This court holds that, for a defendant to be sentenced for any drug amount beyond the minimum amount applicable in section 841(b), an indictment must contain an allegation of drug quantity and the quantity must be established by proof beyond a reasonable doubt. *See Nordby*, 225 F.3d at 1058–59; *see also United States v. Rogers*, 228 F.3d 1318, 1327 (11th Cir.2000) ("we hold today that drug quantity in section 841(b)(1)(A) and section 841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt in light of *Apprendi* "); *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir.2000) (holding that, when "the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt"); *United States v. Angle*, 230 F.3d 113, 123 (4th Cir.2000) ("Pursuant to *Apprendi*, in order for imprisonment penalties under § 841(b)(1)(A) or (B) to apply to the defendants, such that findings of particular drug quantities could expose them to imprisonment terms greater than § 841(b)(1)(C)'s catch-all statutory maximum of twenty years, the drug quan-

tity must be treated as an element: charged in the indictment, submitted to a jury, and proven to beyond a reasonable doubt. Where no drug quantity is charged in the indictment or found by a jury, but a jury has found a violation of § 841(a), the standard statutory term of imprisonment is not more than twenty years").

However, an indictment is not necessarily constitutionally deficient just because it contains no allegation of drug quantity. Instead, when an indictment is silent as to drug quantity, a defendant cannot be sentenced for a drug crime involving more than the minimum amount of the drug in issue. *See Nordby*, 225 F.3d at 1059 (when a jury does not find a specific drug quantity under the beyond a reasonable doubt standard, a defendant who is found to have violated section 841(a) may only be sentenced under section 841(b) as if that defendant had possessed the minimum applicable drug quantity). *Apprendi* and *Nordby* merely add a new burden of proof to section 841(b). They do not render any part of section 841 unconstitutional.

Accordingly, the three motions to dismiss are denied.

## V. *CONCLUSION.*

Ruiz–Castro's motion to dismiss, Mahoney's motion to dismiss, and Castro–Lopez's motion to dismiss are denied because they have not demonstrated that section 841 is unconstitutional.

IT IS SO ORDERED.

---

5. Defendants note that Congress intended for judges to determine quantities of narcotics based on a preponderance of the evidence. This is consistent with *Nordby,* which recognized that Congress "intended that drug quantity be a sentencing factor, not an element of the crime under § 841." *Nordby,*

225 F.3d at 1058. However, it does not follow that section 841 is therefore invalid under *Apprendi. Nordby* recognized that a defendant may be sentenced based upon the drug quantity found beyond a reasonable doubt by a jury. *Id.* at 1059.