**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-50956

_____

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOSE GUADALUPE SALAZAR-FLORES,
Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

January 25, 2001

Before KING, Chief Judge, and REYNALDO G. GARZA, and PARKER,
Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

## BACKGROUND

Jose Guadalupe Salazar-Flores was charged by indictment with
one count of possession with intent to distribute a quantity of
marijuana in violation of 21 U.S.C. § 841.  The Government filed
with the indictment a "NOTICE OF ENHANCED PENALTY," in which it
stated that it would seek an enhanced penalty upon Salazar-
Flores's conviction because it believed the evidence would show
that the controlled substance involved in the offense was a
quantity of 50 kilograms or more of marijuana.  Salazar-Flores

1

filed a motion to dismiss the indictment, arguing that, pursuant to the Supreme Court's decision in *Jones v. United States,* 526 U.S. 227 (1999), the failure to allege the drug quantity in the indictment as an element of the offense rendered the indictment fundamentally defective.

Salazar-Flores subsequently pleaded guilty pursuant to a written plea agreement to possession with intent to distribute a quantity of marijuana in violation of § 841. At Salazar-Flores's rearraignment, the district court advised him that the maximum possible sentence he could receive if the Government proved to the court that the amount of marijuana exceeded 50 kilograms was incarceration from zero to 20 years and a fine of zero to one million dollars. Salazar-Flores stated that he understood the maximum possible sentence. Salazar-Flores further stated that the Government's factual basis, which indicated that he had possessed approximately 195 pounds of marijuana, was correct. Salazar-Flores was sentenced to 30 months' imprisonment, to be followed by three years' supervised release, and fined $2,000. The district court subsequently denied Salazar-Flores's motion to dismiss the indictment as moot because Salazar-Flores had pleaded guilty to the challenged indictment. Salazar-Flores filed a timely notice of appeal from his judgment of conviction and sentence.

**ANALYSIS**

2

On appeal, Salazar-Flores initially argued, relying upon the Supreme Court's decision in *Jones*, that because his indictment did not allege a drug quantity, it failed to state all of the elements of the offense of possession of marijuana with the intent to distribute. After briefing was completed, the Supreme Court handed down *Apprendi v. New Jersey*, ___ U.S. ___, 120 S. Ct. 2348 (2000), and the parties filed supplemental briefs addressing its impact on this case. Salazar-Flores continues to maintain that his conviction should be vacated because his indictment failed to state an offense because it was silent concerning the drug quantity he was alleged to have possessed.

The Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 120 S. Ct. at 2362-63. We have applied *Apprendi* to § 841 drug convictions and interpreted *Apprendi* to require the Government, when it seeks to enhance penalties based on the amount of drugs under § 841(b)(1)(A) or (B), to state the drug quantity in the indictment and to submit the question of drug quantity to a jury for a finding of proof beyond a reasonable doubt. *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000). However, *Apprendi* requires reversal of a conviction only in those cases where a sentence exceeds the statutory maximum.

3

*United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000).  A fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt.  *Id.*  We therefore find that Salazar-Flores's indictment alleged all the essential elements of a violation of § 841 and reject his argument that we must vacate his conviction and remand for the dismissal of his indictment.

The statutory maximum under the facts of this case is "a term of imprisonment of not more than 5 years, a fine not to exceed . . . $250,000 if the defendant is an individual . . . or both."  21 U.S.C. § 841(b)(1)(D).[1]  Salazar-Flores was sentenced

---

[1]  21 U.S.C. § 841(b)(1)(D) states in relevant part:  "In the case of less than 50 kilograms of marihuana, . . . such person shall, <u>except as provided in paragraphs (4) and (5) of this subsection</u>, be sentenced to a term of imprisonment of not more than 5 years, a fine not to exceed . . . $250,000 if the defendant is an individual . . . or both."  (emphasis added).  Section 841(b)(5) is inapplicable because it concerns the cultivation of a controlled substance on federal property.

Section 841(b)(4) states:  "Notwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by distributing a <u>small amount</u> of marihuana for <u>no remuneration</u> shall be treated as provided in section 844 of this title."  (emphasis added).  Section 844 elaborates that, for an individual with no prior convictions, the maximum sentence is, in part, "a term of imprisonment of not more than 1 year."  However, § 841(b)(4) is also inapplicable.

Salazar-Flores admitted under oath at his sentencing hearing that, among others, the following facts were correct: Approximately 195 pounds of marijuana were discovered in his vehicle, and he knew that his vehicle contained marijuana.  Therefore, the quantity of marijuana was uncontested. <u>Cf.</u> <u>United States v. Rios-Quintero</u>, 204 F.3d 214, 219 (5th Cir. 2000) (stating that because the defendant conceded the quantity before

to thirty months imprisonment and a $2,000 fine.  As such, his sentence is within the statutory maximum and does not run afoul of <u>Apprendi</u>.

The conviction and sentence of Salazar-Flores are accordingly AFFIRMED.

---

the jury "the issue of quantity was undisputed").
Thus, § 841(b)(4) does not apply because 195 pounds, under any standard, does not qualify as a "small amount." Section 841(b)(1)(D) duly applies, with its five-year maximum imprisonment and $250,000 maximum fine.