UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 99-10974

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROSE ELLA SUMMERS,
a/k/a
Rosie Summers
a/k/a
Rosie Campos

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CR-326-P)

February 5, 2001

Before HIGGINBOTHAM and DeMOSS, Circuit Judges, and FISH[*], District Judge.

PER CURIAM:[**]

Rose Ella Summers was charged by indictment with one count of conspiracy to possess

with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and one count of

_____

[*] District Judge of the Northern District of Texas, sitting by designation.

[**] Pursuant to the 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

conspiracy to launder the proceeds of unlawful activities, in violation of 18 U.S.C. § 1956(h).  A jury convicted her on both counts.  The district court sentenced Summers to 292 months on the drug count and 240 months on the money-laundering count.  These sentences were to run concurrently and were to be followed by five years of supervised release.  Summers appealed.[***]

After briefing was complete in this case, the Supreme Court issued its opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which called into question our prior rule that drug quantity was a sentencing factor but not an element of an offense under § 841.  indictment.  *Apprendi* is applicable because it was decided while this case was on direct review.   See Teague v. Lane, 489 U.S. 288, 303-04, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).  Guided by *Apprendi*, and its precursor, *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), "it is the law of this circuit that when drug quantity is used to obtain an enhanced sentence, the quantity of drugs is an element of the offense" which must be charged in the indictment and submitted to the jury for proof beyond a reasonable doubt.  *Burton v. United States*, __ F.3d __, 2000 WL 1873831, at *1 (5th Cir. 2000) (citing *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000), *petn. for cert. filed* (January 4, 2001) (No. 00-7819), and *United States v. Meshack*, 225 F.3d 556, 575 (5th Cir. 2000), *cert. denied*, __ U.S. __, 121 S.Ct. 834 (2001)).  We caution that this rule applies only when a sentence exceeds the statutory maximum.  "A fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt."

---

[***]  Summers timely filed a notice of appeal but her attorney was granted leave to withdraw.  New counsel was appointed for Summers but the new attorney failed to perfect her appeal.  As a result, Summers' appeal was dismissed for want of prosecution.  She subsequently prevailed on a claim of ineffective assistance of counsel, and was granted leave to file this out-of-time appeal.

*United States v. Salazar-Flores*, __ F.3d __, 2001 WL 25691, at *1 (5th Cir. 2001). See also, *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), *petn. for cert. filed* (January 16, 2001) (No. 00-8077).

In this case, the indictment charged Summers with conspiracy to possess with intent to distribute one kilogram or more of methamphetamine. The quantity of drugs was not submitted to the jury. Because Summers may not receive an enhanced sentence for a quantity of drugs in excess of that charged in the indictment and proven to a jury beyond a reasonable doubt, she is subject only to the penalties enumerated under § 841(b)(1)(C). The 292 month sentence given to Summers exceeds the applicable twenty year statutory maximum of § 841(b)(1)(C). We therefore **VACATE** Summers' sentence and **REMAND** this case to the district court for resentencing.