IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40894
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

                          versus

TOMMY BROWN,

                                             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-24-1
_____

May 24, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Tommy Brown appeals his guilty-plea conviction and sentence for one count

of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §

841(a)(1).

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), he maintains that his guilty plea was involuntary because his indictment did not specify the quantity of cocaine base involved in the offense and because the district court failed to admonish him appropriately respecting quantity. Brown's written plea agreement contained a provision by which he waived his right to appeal anything other than Sentencing Guidelines determinations. We may not accord this waiver full effectiveness because the district court failed to address Brown in open court about his essential understanding of the waiver-of-appeal provision.[1]

Brown's reliance on <u>Apprendi</u> is not persuasive herein. It is correct that when the Government seeks enhanced penalties based on the amount of drugs attributable to a defendant, <u>Apprendi</u> requires that the quantity be charged in the indictment.[2] <u>Apprendi</u>, however, requires the reversal of a conviction only in those cases where a sentence exceeds the statutory maximum.[3] Because the charged statute, 21 U.S.C. § 841(b)(1)(C), sets the statutory maximum prison term at 20 years for a Schedule II controlled substance such as cocaine base, and because Brown was sentenced to 140 months in prison, there is no <u>Apprendi</u> error herein.

However, because the elements found by the jury satisfied only a conviction under § 841(b)(1)(C), a Class C felony, Brown's term of supervised release may not

---

[1]FED. R. CRIM. P. 11(c)(6); <u>United States v. Robinson</u>, 187 F.3d 516, 518 & n.2 (5th Cir. 2000).

[2]<u>United States v. Doggett</u>, 230 F.3d 160 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1152 (2001).

[3]<u>United States v. Salazar-Flores</u>, 238 F.3d 672, 673 (5th Cir. 2001) (citation omitted).

exceed three years.[4]  We may correct certain errors under plain error review.[5]

Accordingly, Brown's supervised release term of five years is hereby MODIFIED

to the statutorily mandated three-year term.

To the extent that Brown contends that an Apprendi error rendered his guilty

plea involuntary, that claim is meritless.  Brown pleaded guilty after being informed

of a *higher* potential maximum term, *i.e.,* life imprisonment.

For the first time on appeal, Brown maintains that the district court erred in

entering an "upward departure" in his case.  The record does not support this claim.

The court did not enter an upward departure.  Brown's brief reflects that he is

complaining that the district court calculated his base offense level improperly by

considering conduct from a second, dismissed indictment count.  This claim is

reviewable for plain error only.[6]  Brown has not shown plain error.  He does not

dispute that the district court was fully authorized to consider the conduct charged in

the dismissed count as "relevant conduct" for sentencing purposes.[7]

As MODIFIED, the conviction and sentence are AFFIRMED.

---

[4]Doggett, 230 F.3d at 165 n.2 (citing 18 U.S.C. § 3583(b)(2); United States v. Kelly, 974 F.2d 22, 24-25 (5th Cir. 1992)).

[5]United States v. Meshack, 225 F.3d 556, 578 (5th Cir. 2000), cert. denied sub nom., Parker v. United States, 121 S. Ct. 834 (2001).

[6]United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

[7]United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).