IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31447
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RILEY HAGAN, III,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-50095-ALL
- - - - - - - - - -
June 7, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Riley Hagan, III, appeals his conviction and sentence for conspiracy to misapply bank funds, a violation of 18 U.S.C. §§ 371 and 656. He argues that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the amount of misapplied funds and loss, essential elements of the offense of conviction, were not charged in the bill of information and determined under a reasonable doubt standard. Hagan points out that if the amount of funds misapplied does not exceed $1,000, the predicate offense is a misdemeanor and the maximum term of imprisonment is one year. See 18 U.S.C. §§ 371, 656. However,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hagan admitted at the guilty-plea hearing that his actions caused a loss to the bank of $4.8 million and he was advised that the maximum possible sentence for his offense was five years of imprisonment and/or a fine of $1 million. He also acknowledged the maximum punishment of five years' imprisonment in his plea agreement. See 18 U.S.C. § 371. When the district court advises the defendant of the maximum possible penalty and when the defendant agrees with the Government's factual basis which sets out the amount of drugs which would be proved at trial, Apprendi is not violated. See United States v. Salazar-Flores, 238 F.3d 672, 673-74 (5th Cir. 2001); see also United States v. Fort, No. 00-10418, 2001 WL 388099, *6 (5th Cir. Apr. 17, 2001). The same reasoning applies to the amount of money lost pursuant to a scheme to defraud. Thus, the statutory maximum under the facts of this case is five years of imprisonment. As such, Hagan's sentence of 25 months does not run afoul of Apprendi.

Hagan argues that the district court clearly erred in calculating the loss to the victim bank from his check-kiting scheme. He asserts that a net loss calculation should have been used, thereby reducing the outstanding indebtedness by the amount the bank could reasonably have expected to recover from the assets securing that indebtedness, and by the $800,000 the bank received pursuant to his civil settlement with it. In a check-kiting case, it is not the total of all checks used in the scheme ($14,182,500 in this case), but, rather, the amount of overdraft or loss when the scheme is discovered ($4.8 million in this case) that is used to determine the amount of loss. See United States v. Frydenlund,

990 F.2d 822, 826 & n.5 (5th Cir. 1993). It is inappropriate to reduce the amount of loss by subsequent settlement payments or other uncertain collateral held by the bank. Id. The district court did not clearly err in its loss calculation.

Hagan argues that no victim in this case suffered a loss compensable by restitution because pursuant to the confidential settlement agreement, his payment of settlement proceeds extinguished the underlying obligations. Hagan argues in the alternative that he was entitled to additional credits and/or offsets of $1.6 million but he fails to specify the source of the credits/offsets. He contends that the court erred by ordering his restitution order to be joint and several with his codefendants because it results in double recovery for the bank of the $862,000 credited to him but not to his codefendants. Hagan seeks remand on the restitution issue so that the court may apportion it to reflect the contribution of each codefendant to the bank's overall loss.

A civil settlement agreement does not preclude an award of restitution because restitution is primarily penal in nature. See United States v. Sheinbaum, 136 F.3d 443, 447-48 (5th Cir. 1998). Joint and several liability for restitution is authorized by statute. 18 U.S.C. § 3664(h). Nonetheless, pursuant to Hagan's civil settlement agreement with the bank, the bank will not obtain double recovery. Any such funds would be returnable to Hagan pursuant to the bank's assignment to him of judgments obtained against his codefendants.

The district court did not abuse its discretion in awarding restitution in the amounts of $1,135,243 to the bank, and

$2,847,000 to St. Paul Fire and Marine Insurance Company, to be paid jointly and severally by all codefendants including Hagan.

Hagan's motion to file supplemental record excerpts is GRANTED.

AFFIRMED; MOTION GRANTED.