IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50275
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK AMEZQUITA, also known as Fat Pat,

Defendant-Appellant.

_____

Consolidated with
No. 00-50277

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDO SALAS,

Defendant-Appellant.

- - - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
USDC No. A-99-CR-264-13-SS
- - - - - - - - - - -
June 28, 2001
Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Patrick Amezquita pleaded guilty to and was convicted of conspiracy to possess with intent to distribute marihuana and cocaine, possession with intent to distribute cocaine, and being a felon in possession of a firearm.  Bernardo Salas pleaded guilty to and was convicted of conspiracy to distribute and possession with intent to distribute marihuana and cocaine and telephone facilitation.  They appeal their conspiracy convictions for violating 21 U.S.C. §§ 841(a)(1) & 846.  Appellants contend that the indictment was deficient because it did not allege a specific quantity of drugs.

Appellants did not raise this issue before the district court.  Therefore, we read the indictment "with maximum liberality and find it sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted."  United States v. Lankford, 196 F.3d 563, 569 (5th Cir. 1999) (internal citation and quotation marks omitted), cert. denied, 529 U.S. 1119 (2000).  No quantity of drugs is specified in 21 U.S.C. §§ 841(a)(1) or 846.  Therefore, it was not necessary to charge a quantity of drugs in the indictment, and the appellants' indictment was sufficient.  See United States v. Salazar-Flores, 238 F.3d 672, 673-74 (5th Cir. 2001); United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001).

AFFIRMED.