IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50180
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS DELARA-VELASCO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-375-1-DB
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jose Luis Delara-Velasco argues that the indictment charging
him with conspiracy to possess with intent to distribute
marijuana was fatally defective because it did not allege a
specific drug quantity that was involved in the offense.  He also
argues that the maximum statutory penalty that could be imposed
was a term of imprisonment of one year under 21 U.S.C.
§ 841(b)(4) because his offense involved a small amount of
marijuana.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Delara stipulated in the plea agreement and swore under oath at his rearraignment hearing that his offense involved 32.2 kilograms of marijuana.  Because the stipulated amount of marijuana involved in the offense was not a small amount, Delara was not entitled to be sentenced to a term of imprisonment of one year under 21 U.S.C. § 841(b)(4).  See United States v. Salazar-Flores, 238 F.3d 672, 673 (5th Cir. 2001).

"[A] fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt." United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001).  The statutory maximum penalty for drug offenses involving less than 50 kilograms of marijuana is five years pursuant to 21 U.S.C. § 841(b)(1)(D).  See United States v. Garcia, 242 F.3d 593, 599 (5th Cir. 2001).  Delara's sentence of 30 months imprisonment was below the five-year statutory maximum.  Because it was unnecessary to charge a quantity of drugs in Delara's indictment, his indictment was sufficient.

Insofar as Delara is challenging his sentence, the record reflects that he entered a knowing and voluntary waiver of his right to appeal his sentence in his plea agreement.  See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).  Thus, review of any sentencing issues is precluded.

Delara's conviction and sentence are AFFIRMED.