IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41300
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-110-3
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Gonzalez appeals the 235-month sentence and five-year term of supervised release imposed following his guilty plea to Count One of the superseding indictment.  Gonzalez contends that the district court did not admonish him in accordance with *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that the quantity of methamphetamine was an element of the offense that the Government had to prove beyond a reasonable doubt.  Gonzalez contends also that the district court's finding that he did not withdraw from the conspiracy was clearly erroneous.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Apprendi* requires the reversal of a conviction "only in those cases where a sentence exceeds the statutory maximum." *United States v. Salazar-Flores*, 238 F.3d 672, 673 (5th Cir. 2001) (citation omitted).

Gonzalez concedes that he pleaded guilty to Count One of the superseding indictment that charged him with conspiracy to possess with intent to distribute "more than five hundred (500) grams of a mixture or substance containing methamphetamine," in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 846. Section 841(b)(1)(A), 21 U.S.C., provides that a person convicted for involvement with 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine shall be imprisoned to a minimum term of ten years' imprisonment and a maximum term of life imprisonment. Gonzalez's 235-month term of imprisonment is within the statutory maximum and does not violate *Apprendi*. *See Salazar-Flores*, 238 F.3d at 674. Gonzalez's maximum penalty of life imprisonment subjected him to a five-year term of supervised release. *See* 18 U.S.C. § 3559(a)(1); 18 U.S.C. § 3583(b)(1).

Gonzalez bore the burden of showing that the information on which the court relied at sentencing is "materially untrue." *See United States v. Ocana*, 204 F.3d 585, 593 (5th Cir. 2000) (internal quotation and citation omitted). Gonzalez has not shown that the district court's determination of his credibility and its finding that he did not withdraw from the conspiracy were clearly erroneous. *See Ocana*, 204 F.3d at 593; *United States v.*

*Hill*, 42 F.3d 914, 916 (5th Cir. 1995).  Accordingly, the judgment of the district court is AFFIRMED.