**UNITED STATES of America, Plaintiff,**

v.

**James Michael MUNS; Frank Gutierrez; Borti Petrich; and Everett Galisa, Defendants.**

**No. CRIM. 00–00394 SOM.**

United States District Court, D. Hawaii.

Jan. 16, 2002.

Thomas J. Brady, Assistant U. S. Attorney, Office of the United States Attorney, Honolulu, HI, for Plaintiff.

Leslie S. Fukumoto, Pamela O'Leary Tower, Honolulu, HI, for Defendant Gutierrez.

Edmundo B. Espinoza, Del Mar, CA, for Defendant Muns.

Roger J. Rosen, Los Angeles, CA, for Defendant Petrich.

Darwin L.D. Ching, Honolulu, HI, for Defendant Galisa.

## ORDER DENYING DEFENDANT FRANK GUTIERREZ'S MOTION TO STRIKE SURPLUSAGE AND/OR DISMISS COUNTS 1 AND 2 OF THE INDICTMENT

MOLLWAY, District Judge.

### I. INTRODUCTION.

Defendant Frank Gutierrez ("Gutierrez") asks this court to strike surplusage from the indictment in this case and/or dismiss Counts 1 and 2 of that indictment. Gutierrez says that 21 U.S.C. § 841 is unconstitutional based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000). Defendants James Michael Muns, Borti Petrich, and Everett Galisa have joined in Gutierrez's motion. Because neither *Apprendi* nor *Nordby* invalidated § 841, Gutierrez's motion is denied.[1]

### II. ANALYSIS.

#### A. Motion to Dismiss.

Gutierrez first argues that counts 1 and 2 of the indictment must be dismissed because, under *Apprendi* and *Nordby,* those counts are supposedly unconstitutional. The indictment charges Gutierrez with knowingly and intentionally possessing "with intent to distribute in excess of 100 grams, to wit, approximately twenty (20) pounds of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance." *See* Indictment, Count 1. It also charges Gutierrez with conspiring to knowingly and intentionally possess with intent to distribute in

---

1. At the parties' request, this motion was decided without a hearing pursuant to Local Rule 7.2(d) (made applicable to criminal motions by Criminal Local Rule 12.3).

excess of 100 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance. *See* Indictment, Count 2. With respect to drug type, the indictment tracks the language describing applicable drug type in §§ 841(b)(1)(A)(viii) and 841(b)(1)(B)(viii).[2] If Gutierrez's responsibility for at least 50 grams of "methamphetamine, its salts, isomers, and salts of its isomers" is proven beyond a reasonable doubt, Gutierrez will be subject to a minimum sentence of ten years and a maximum of life in prison under § 841(b)(1)(A)(viii). If, however, his responsibility for less than 50 grams but at least 5 grams of "methamphetamine, its salts, isomers, and salts of its isomers" is proven beyond a reasonable doubt, Gutierrez will be subject to a minimum sentence of five years and a maximum of forty years in prison under § 841(b)(1)(B)(viii).

■ In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held unconstitutional a New Jersey law that allowed a judge to enhance a sentence beyond the statutory maximum sentence for a crime if the judge found by a mere preponderance of the evidence that the crime had been committed with a purpose of intimidating an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation, or ethnicity. *Id.* at 468–69, 120 S.Ct. 2348. The Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* This holding was limited, however, to cases in which the prescribed statutory maximum punishment was exceeded. *See id.* at 481, 120 S.Ct. 2348.

■ In *United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000), the Ninth Circuit applied *Apprendi's* holding to 21 U.S.C. § 841. The Ninth Circuit concluded that a defendant may be sentenced to a prison term greater than 21 U.S.C. § 841(b)(1)(C)'s catch-all statutory maximum of twenty years only if the amount of drugs has been proven beyond a reasonable doubt. *See id.* at 1059–62. The district judge had determined the quantity of marijuana plants attributed to Nordby on a preponderance standard. The Ninth Circuit therefore vacated Nordby's sentence and remanded the case "for imposition of a sentence not to exceed the statutory maximum applicable to the facts as

2. The court notes that, had the indictment only charged Gutierrez with 5 grams of "ice," Gutierrez would have been facing a sentence pursuant to § 841(b)(1)(C), which has no mandatory minimum. To trigger the mandatory minimum provision in § 841(b)(1)(B) by referring to 5 grams of methamphetamine, an indictment must allege at least 5 grams (or its equivalent) of pure or actual methamphetamine. A reference to "ice" is not a reference to pure methamphetamine, as "ice" may consist of a mixture that is only 80% methamphetamine. Thus, a reference to 5 grams of "ice" does not put a defendant on notice that the mandatory minimum sentence in § 841(b)(1)(B) is at issue. When, as here, the indictment tracks the statutory language by referring to "methamphetamine, its salts, isomers, and salts of its isomers," this court reads that reference as one way of referring to pure or actual methamphetamine. The pure methamphetamine may consist of the amount of methamphetamine that can be measured in a larger mixture containing other substances. This court reads an unadorned reference in an indictment just to "methamphetamine" as a reference to impure methamphetamine. In the absence of any indication in the indictment that the impure methamphetamine contains at least 5 grams of pure methamphetamine (or its equivalent), § 841(b)(1)(B) is implicated only if the charge involves 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(B)(viii); *see also* U.S.S.G. § 2D1.1 (2001) (with drug equivalency tables differentiating "actual methamphetamine" from "methamphetamine").

found by the jury beyond a reasonable doubt." *Id.* at 1056. Had the Ninth Circuit viewed § 841 as unconstitutional on its face, the Ninth Circuit presumably would not have remanded the matter for resentencing.

Numerous other courts addressing the issue in post-*Apprendi* cases have also found § 841 constitutional.[3] *United States v. Cernobyl,* 255 F.3d 1215, 1219 (10th Cir.2001) ("we find no inconsistency between *Apprendi* and § 841 that would compel a conclusion that the statute as written is unconstitutional"); *United States v. Martinez,* 253 F.3d 251, 254 n. 6 (6th Cir.2001) ("We decline Appellants' invitation to find that 21 U.S.C. § 841 is unconstitutional in light of the Supreme Court's decision in *Apprendi* "); *United States v. Brough,* 243 F.3d 1078, 1079 (7th Cir.) ("*Apprendi* ... [does] not establish that anything in § 841 is unconstitutional"), *cert. denied,* — U.S. —, 122 S.Ct. 203, — L.Ed.2d — (2001); *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir.) ("We see nothing in the Supreme Court decision in *Apprendi* which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face"), *cert. denied,* — U.S. —, 121 S.Ct. 2015, 149 L.Ed.2d 1015 (2001). Unless the Ninth Circuit or the Supreme Court indicates otherwise, this court, reading *Nordby,* must find § 841 constitutional.

### B. *Motion to Strike Surplusage.*

█ Gutierrez additionally contends that the type and amount of drugs alleged in the indictment are surplusage and should be stricken from the indictments. Guttierez claims that he is prejudiced by the inclusion of drug type and amount in the indictment. Based on *Apprendi* and *Nordby,* he argues that the type and amount of drugs are irrelevant because he cannot be tried or sentenced under the allegedly unconstitutional § 841(b)(1)(A) or § 841(b)(1)(B) and can only be tried and sentenced pursuant to § 841(b)(1)(C), which does not require particular drug amounts of the drug in issue here.[4] This

---

3. The Ninth Circuit is reviewing the constitutionality of § 841 *en banc* in *United States v. Buckland.*

4. The situation would be different if no amount of "methamphetamine, its salts, isomers, and salts of its isomers" had been alleged in the indictment. In that event, if Gutierrez were found guilty beyond a reasonable doubt of violating § 841(a) for possessing with intent to distribute that Schedule II controlled substance, Gutierrez could only be sentenced pursuant to § 841(b)(1)(C). Drug amount, however, would still be at issue, as the court would have to determine drug amount to ascertain where in the sentencing guidelines Gutierrez fell. The court would use a preponderance standard to determine that amount. *See, e.g., United States v. Robinson,* 241 F.3d 115, 119 (1st Cir.) ("No *Apprendi* violation occurs when the district court sentences a defendant below the default statutory maximum, even though drug quantity, determined by the court under a preponderance-of-the-evidence standard, influences the length of the sentence imposed"), *cert. denied,* — U.S. —, 122 S.Ct. 130, — L.Ed.2d — (2001); *United States v. Salazar-Flores,* 238 F.3d 672, 673–74 (5th Cir.2001) ("A fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt"). A sentence determined in that manner would comport with *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1026–27 (9th Cir.2000), in which the Ninth Circuit affirmed the district court's two-level enhancement based on a finding that the defendant had recklessly created a substantial risk of death and serious bodily injury. Although the district court appears to have made that finding using a preponderance standard, the district court did not exceed the maximum penalty for the offense charged and therefore did not violate *Apprendi.* Similarly, if a defendant is charged and convicted beyond a reasonable doubt of having possessed with intent to distribute in excess of 5 grams of

court has already held otherwise. In *United States v. Ruiz–Castro*, 125 F.Supp.2d 411, 415 (D.Haw.2000), the court noted that, when a mandatory minimum drug amount provided for in §§ 841(b)(1)(A) and 841(b)(1)(B) is alleged in an indictment, the jury must determine whether that drug amount may indeed be attributed to the defendant. This court then stated that it could impose a mandatory minimum sentence based on the jury's determination. *Id.*

Other courts agree with this court's analysis. In *United States v. Sanchez*, 269 F.3d 1250 (11th Cir.2001) (en banc), the Eleventh Circuit stated:

> While *Apprendi* was silent on the issue, its inapplicability to the Sentencing Guidelines follows from its holding. A factual finding under the Guidelines determines the sentence within the statutory range rather than outside it. Because *Apprendi* only addresses facts that increase the penalty for a crime beyond the statutory maximum, it does not apply to those findings that merely cause the guideline range to shift within the statutory range.

*Id.* at 1262. The Eleventh Circuit went on to say, "*Apprendi* is implicated only when a judge-decided fact actually increases the defendant's sentence beyond the prescribed statutory maximum for the crime of conviction." *Id.* at 1263. *Accord United States v. Maynie*, 257 F.3d 908, 918 (8th Cir.2001) ("the government is prohibited from seeking a penalty in excess of those provided in § 841(b)(1)(C) unless drug quantity is alleged in the indictment and submitted to the jury").

Although Gutierrez argues otherwise, drug type clearly remains relevant in this case given the differing drugs in § 841(b). Even if drug amount may ultimately be determined by the court (not the jury) up to the maximum applicable in § 841(b), its inclusion in the overt acts recital or in the evidence at trial does not prejudice Defendants in any way. Certainly, Gutierrez has not identified any prejudice arising from the references to drug type or amount in the indictment, especially when the jury will be cautioned that every defendant is presumed innocent unless proven guilty beyond a reasonable doubt. A reference in an indictment to type and amount of drugs will therefore not lead the jury to the conclusion that Gutierrez is actually guilty. *See McKenzie v. Risley*, 842 F.2d 1525, 1533 n. 16 (9th Cir.) (*en banc*) (there is a presumption that the jury follows the court's instructions), *cert. denied*, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988).

### III. *CONCLUSION.*

For the foregoing reasons, Gutierrez's motion to dismiss and the joinders therein are denied.

IT IS SO ORDERED.

---

"methamphetamine, its salts, isomers, and salts of its isomers," this court may determine by a preponderance of the evidence the exact amount of the drug in excess of 5 grams for the purpose of sentencing under § 841(b)(1)(B). As long as the sentence does not exceed the maximum sentence provided by § 841(b)(1)(B), there is no *Apprendi* violation.