**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 99-30254**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**JOHNNY CLINTON,**

**Defendant-Appellant.**

Appeals from the United States District Court
for the Western District of Louisiana

June 27, 2001

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before KING, Chief Judge, DUHÉ and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This case is on remand from the United States Supreme Court for further consideration in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Apprendi was decided after this Court affirmed criminal defendant Johnny Clinton's drug trafficking convictions and sentences on direct appeal, see United States v. Reliford, 210 F.3d 285 (5th Cir. 2000), and the arguments presented herein were not presented to the district court or this Court on initial appeal. We have, therefore, carefully considered the record in

light of Clinton's arguments on remand and the plain error standard of review.  See United States v. Fort, 248 F.3d 475, 483 (5th Cir. 2001); United States v. Green, 246 F.3d 433, 436 (5th Cir. 2001); United States v. Rios-Quintero, 204 F.3d 214, 215 (5th Cir.), cert. denied, 121 S. Ct. 301 (2000).  Having concluded that review, we find no remediable error and once again affirm Clinton's criminal convictions as well as the sentences imposed by the district court.

I.

Clinton was charged in an indictment alleging one count of conspiracy to distribute cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1) and §846, and one count of distribution of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1).  The matter was tried to a jury, which returned guilty verdicts on both counts. Clinton was sentenced to 292 months imprisonment on the conspiracy count, and to 240 months imprisonment on the distribution count, to run concurrently.

On direct appeal, Clinton challenged the sufficiency of the evidence to support the jury's verdict.  Clinton also challenged certain factual determinations made by the district court when applying the sentencing guidelines.  Specifically, Clinton maintained that the district court's factual determinations that Clinton possessed a dangerous weapon, see U.S.S.G. § 2D1.1(b)(1), and that Clinton was a leader, manager, or supervisor of the conspiracy, see U.S.S.G. § 3B1.1, were clearly erroneous.  We

rejected each of these arguments.  See Reliford, 210 F.3d at 298-99, 307-09.

## II.

In June 2000, after this Court's mandate issued, the Supreme Court decided Apprendi.  Apprendi extended earlier Supreme Court holdings in cases like Jones v. United States, 119 S. Ct. 1215 (1999), by holding that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the statutory maximum is an essential element of the offense, which must be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt.  Apprendi, 120 S. Ct. at 2355; see also Green, 246 F.3d at 436; United States v. Salazar-Flores, 238 F.3d 672, 673 (5th Cir. 2001); United States v. Doggett, 230 F.3d 160, 164 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001). While Apprendi involved a state law hate crime provision, this Court has squarely held that Apprendi overrules this Court's prior jurisprudence treating drug quantity as a sentencing factor rather than as an essential element of the federal drug trafficking statutes.  See Doggett, 230 F.3d at 163-65 (drug quantity is an essential element when quantity is used to enhance a defendant's sentence); see also United States v. DeLeon, 247 F.3d 593, 596 (5th Cir. 2001); Green, 246 F.3d at 436; United States v. Garcia, 242 F.3d 593, 599 (5th Cir. 2001); Salazar-Flores, 238 F.3d at 673;

<u>United States v. Keith</u>, 230 F.3d 784, 786 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1163 (2001).

Title 21 U.S.C. § 841, the offense provision at issue here, sets out a list of unlawful acts in § 841(a) and then provides for a differentiated scheme of penalties in § 841(b), which is tied to the quantity of drugs, the type of drugs, and other factors. With respect to the crack cocaine at issue here, § 841(b)(1)(C) provides for a baseline sentence of up to twenty years for offenses involving a quantity less than or in circumstances different from those provided for in other provisions of § 841(b). Subsections 841(b)(1)(A) and (B), on the other hand, permit harsher sentences on the basis of higher quantities. <u>See</u> § 841(b)(1)(A) & (B).

Applying <u>Apprendi</u> to these provisions, this court has held that the government may not seek enhanced penalties based upon drug quantity under 21 U.S.C. § 841(b)(1)(A) or (B) unless that quantity is charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. <u>See</u> <u>Green</u>, 246 F.3d at 436; <u>Doggett</u>, 230 F.3d at 164-65. The Court has tempered that rule, however, by holding that "when a defendant's sentence does not exceed the statutory maximum authorized by the jury's findings, <u>Apprendi</u> does not affect the sentence." <u>United States v. Garcia</u>, 242 F.3d 593, 599 (5th Cir. 2001); <u>see also</u> <u>Salazar-Flores</u>, 238 F.3d at 673-74; <u>United States v. Meshack</u>, 225 F.3d 556, 575-76 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 834 (2001). The Court has further tempered that rule by holding that <u>Apprendi</u> does not apply to cases

4

"in which a sentence is enhanced *within a statutory range* based upon a finding of drug quantity." United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000) (emphasis added). Thus, the Court has expressly rejected the argument that Apprendi applies to enhancements based upon the sentencing guidelines, whether tied to quantity or some other relevant fact, which do not cause the sentence to exceed the statutory range authorized by the jury's verdict. See Doggett, 230 F.3d at 166. We now turn to an application of these principles in this case.

### III.

Clinton was convicted on two counts; a conspiracy count and a substantive count of distribution. With respect to the distribution count, Clinton was charged with distributing "a quantity of a mixture and substance containing a detectable amount of cocaine base (crack cocaine)." The jury was not instructed to find any particular quantity. With respect to the distribution count, then, the jury's determination of guilt will not support a sentence in excess of the twenty-year statutory maximum authorized by 21 U.S.C. § 841(b)(1)(C). Given that Clinton was sentenced to 240 months (20 years) imprisonment on this count, there is no Apprendi error, plain or otherwise, with respect to the distribution count of conviction.

With respect to the conspiracy count, Clinton's

5

indictment charged conspiracy "to distribute fifty (50) grams or more of cocaine base (crack cocaine)." 21 U.S.C. § 841(b)(1)(A)(iii) provides that the sentencing range for "50 grams or more" of cocaine base is ten years to life. Clinton was sentenced to 292 months for conspiracy, which is clearly within the statutory maximum of life. See DeLeon, 247 F.3d at 597 ("An indictment's allegation of a drug-quantity range, as opposed to a precise drug quantity, is sufficient to satisfy Apprendi and its progeny."). There is, therefore, no defect in the indictment.

Clinton's jury was instructed that each defendant was "charged with conspiracy to distribute fifty (50) grams or more of cocaine base." Shortly thereafter, and in the same context, Clinton's jury was further charged that it could not find Clinton guilty of the conspiracy unless it found that "[t]wo or more persons, directly or indirectly, reached an agreement to distribute the controlled substances *described above*" (emphasis added). Thus, Clinton's jury was at least arguably asked to directly find that the conspiracy involved at least 50 grams or more of cocaine base. When read in context, we find it likely, even probable, that the jury understood that it was required to find, and indeed, that it made a finding, that the conspiracy involved at least 50 grams of cocaine base (crack cocaine). Apprendi, however, imposes a higher standard. When drug quantity "is an essential element of the offense," on the basis of which the government will seek an enhanced penalty, we

6

have stated that the district court should expressly identify drug quantity as an essential element in its instructions to the jury. See United States v. Slaughter, 238 F.3d 580, 583 (5th Cir.), cert. denied, 121 S. Ct. 2015 (2001). We, therefore, find Apprendi error infecting Clinton's conspiracy conviction on the basis that his jury, while it may have understood the fact, was not expressly directed to find beyond a reasonable doubt that the conspiracy involved 50 grams or more of cocaine base (crack cocaine).

The government basically concedes such error in this case and argues instead that the error was neither plain nor harmful and, thus, is not remediable. Without regard to the plainness of the error, we agree that the error is harmless. The test for "determining harmlessness when a jury is not instructed as to an element of an offense is 'whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.'" Green, 246 F.3d at 437 (quoting Neder v. United States, 119 S. Ct. 1827, 1833-34 (1999)). We have already held and here reinstate our conclusion that the evidence presented at trial was sufficient to tie Clinton individually to the conspiracy found by the jury. The jury convicted Clinton and his co-defendants on all counts. The quantities involved in the various transactions alleged by the government to be included in the conspiracy, and found beyond a reasonable by the jury, far exceeded the fifty-gram threshold for application of the penalties provided for in § 841(b)(1)(A)(iii). There was no testimony at trial and there is

7

no evidence in the record tending to exclude sufficient quantities to bring the quantity involved in the conspiracy to fewer than 50 grams of crack cocaine. To the contrary, the defendants stipulated that the government had seized more than two hundred grams of cocaine base (crack cocaine), and the transaction specific stipulation was not further challenged at trial. Similarly, although Clinton made other objections to the jury charge, he did not make any quantity-based objection to the instructions. While Clinton did make quantity-based objections to the 1,071.63 grams attributed to the conspiracy in the Presentence Report, none of those objections would have reduced the drug quantity to less than fifty grams. Having reviewed the record, we are convinced that it does not contain any evidence from which a rational juror could conclude that the conspiracy found by the jury involved less than 50 grams of crack cocaine. For that reason, any <u>Apprendi</u> error premised upon the jury instructions on the conspiracy count is harmless.

## IV.

Clinton makes several other arguments which are plainly foreclosed by this Court's precedent. We address these only briefly, for the purpose of noting that Clinton has preserved the issue for further review.

Clinton points out that the district court's determination of quantity and the district court's determinations that Clinton

8

possessed a dangerous weapon and occupied a leadership role in the conspiracy all supported a significant increase in the minimum sentence to which he was exposed. Clinton then argues that Apprendi should be construed to apply when facts not charged in the indictment and found by the jury increase the minimum applicable sentence, whether by reference to a statutory range or by reference to the sentencing guidelines.

Clinton finds support for this argument in Justice Thomas's concurring opinion in Apprendi. See Apprendi, 120 S. Ct. at 2379-80 (Thomas, J., concurring) ("Those courts, in holding that such a fact was an element, did not bother with any distinction between changes in the maximum and the minimum. What mattered was simply the overall increase in the punishment provided by law."). With respect to drug quantity, this is both a statutory and a guideline based argument because § 841(b)(1)(A) provides a mandatory minimum of ten years, while § 841(b)(1)(C) provides only for a sentence of up to twenty years. Clinton emphasizes the broad range of sentencing discretion vested with the trial judge by the federal drug trafficking statutes, arguing that this circumstance presents exactly the evil that a majority of the Apprendi Court found unlikely to arise in light of political checks against legislative action designed to give trial judges such unbridled discretion. See Apprendi, 120 S. Ct. at 2362 n.16. Clinton makes the same argument with respect to the sentencing guidelines, pointing out that the district court's factual determinations that he possessed

9

a dangerous weapon and that he occupied a leadership role in the conspiracy significantly increased the minimum sentence to which he was exposed. Whatever the merits of these arguments, they are plainly foreclosed by this Court's precedent, which limits <u>Apprendi</u> error to the situation where proof of a fact, other than the fact of a prior conviction, increases the penalty for a crime beyond the statutory maximum penalty otherwise allowed. <u>See</u>, <u>e.g.</u>, <u>Doggett</u>, 230 F.3d at 166. Clinton has, however, preserved the arguments for further Supreme Court review.

## CONCLUSION

Defendant Johnny Clinton's convictions for conspiracy to distribute 50 grams or more of cocaine base (crack cocaine) and for distribution of crack cocaine and the sentences imposed for those offenses are in all respects AFFIRMED.