IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20410
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JIMMIE SMITH, also known as Jimmy
Smith,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-377-1
--------------------
February 6, 2002
Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jimmie Smith appeals his sentence for aiding and abetting the possession with intent to distribute cocaine base and conspiracy to distribute cocaine base. He contends that the district court erred in finding that he was a leader or organizer of a criminal activity that involved five or more participants pursuant to U.S.S.G. § 3B1.1(a). He also contends that he should be resentenced in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny because the factors used to enhance his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence were not presented to a jury and proved beyond a reasonable doubt.

The facts presented in the presentence report and the testimony at the sentencing hearing support the district court's finding that Smith was an organizer or leader of a conspiracy to distribute crack cocaine. See United States v. Glinsey, 209 F.3d 386, 396 (5th Cir.), cert. denied, 531 U.S. 919 (2000). Moreover, Smith did not specifically object to the district court's factual finding, implicit in its adoption of the presentence report, that the activity involved five or more participants, and his argument in this regard is therefore reviewed for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994). The facts set forth in the presentence report support the inference that at least five people willfully participated in and were criminally responsible for the drug activity, and thus Smith has not shown that the district court plainly erred in finding that the criminal activity involved five or more participants pursuant to U.S.S.G. § 3B1.1(a).

Smith concedes that his Apprendi argument is foreclosed by United States v. Clinton, 256 F.3d 311 (5th Cir. 2001). He raises the issue to preserve it for further review.

AFFIRMED.