**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-31051
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL OSHEA HEARD,

Defendant-Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-30011-1
-----------------------------------------------------------
March 19, 2002

Before JOLLY, BARKSDALE and STEWART, Circuit Judges:

PER CURIAM:[*]

Michael Oshea Heard appeals his conviction and sentences for conspiracy to distribute 50 grams or more of cocaine base (in violation of 21 U.S.C. § 846), two counts of distribution of 50 grams or more of cocaine base (in violation of 21 U.S.C. § 841), one count of distribution of five grams or more of cocaine base (in violation of 21 U.S.C. § 841), and using a communication facility in facilitating a drug-trafficking crime (in violation of 21 U.S.C. § 843(b)).

For the first time on appeal, Heard contends that 21 U.S.C. § 841(b) is unconstitutional on its face, under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it provides that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court determines an essential element of the offense, drug quantity, rather than requiring the submission of such element to the jury for proof beyond a reasonable doubt. This court has already addressed and rejected such a claim. See United States v. Fort, 248 F.3d 475, 483 (5th Cir.), cert. denied, 122 S. Ct. 405 (2001).

For the first time on appeal, Heard maintains that, under Apprendi, 21 U.S.C. §§ 841 and 846 were unconstitutional as applied to him. Because Heard's 235-month prison term is under the statutory maximum sentence, even if considered under the "default" sentencing provision for the distribution of cocaine base, the sentence is not unconstitutional. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001); 21 U.S.C. § 841(b)(1)(C).

Also for the first time on appeal, Heard contends that Apprendi renders unconstitutional his five-year supervised release term. The trial evidence establishes that Heard committed at least three charged counts involving "fifty (50) grams or more" of cocaine base. Because the record "does not contain any evidence from which a rational juror could conclude" that those counts actually involved less than 50 grams, Heard has not established that any Apprendi error with regard to his supervised-release term was anything other than harmless. See United States v. Clinton, 256 F.3d 311, 315-16 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001). Heard has not demonstrated "plain error" as to any of his claims based on Apprendi. See United States v. Olano, 507 U.S. 725, 735-36 (1993).

For the first time on appeal, Heard argues that the district court erred by failing to instruct the jury on multiple conspiracies. Heard has not demonstrated plain error because he has failed to contend explicitly that he was not involved in specific conspiracy charged in his indictment, which involved himself and three others in the distribution of 50 grams or more of cocaine base. See United States v. Slaughter, 238 F.3d 580, 584-85 (5th Cir. 2000), cert. denied, 121 S. Ct. 2015 (2001).

Finally, Heard argues that the district court erred by failing to grant him a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. He emphasizes that he initially

pleaded guilty to two indictment counts and alleges that he proceeded to trial only to dispute the amount of drugs involved in the offenses.  The district court did not clearly err in concluding that Heard's conduct did not constitute acceptance of responsibility.  See United States v. Gonzales, 19 F.3d 982, 983 (5th Cir. 1994) (standard of review is "even more deferential than pure clearly erroneous standard").

AFFIRMED.