IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51063
Summary Calendar
_____

JOHNNY M. GONZALES,

                                        Petitioner-Appellant,

versus

R. D. MILES, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-282-JN
--------------------
April 30, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:*

    Johnny M. Gonzales, federal prisoner # 53504-080, appeals

the district court's dismissal of his 28 U.S.C. § 2241 petition.

The district court found that Gonzales had not satisfied the

requirements of the "savings clause" of 28 U.S.C. § 2255, which

would allow him to raise his claims in a 28 U.S.C. § 2241

petition.

    Under the savings clause, if the petitioner can show that 28

U.S.C. § 2255 provides him with an inadequate or ineffective

remedy, he may proceed by way of 28 U.S.C. § 2241.  <u>Pack v.</u>

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A petitioner must show that 1) his claims are based on a retroactively applicable Supreme Court decision that establishes that the petitioner may have been convicted of a nonexistent offense, and 2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). The burden of coming forward with evidence to show the inadequacy of a 28 U.S.C. § 2255 motion "rests squarely on the petitioner." <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001)

On appeal, Gonzales argues that his sentence was based on a drug quantity described in the pre-sentence report rather than the quantity alleged in the indictment; that his sentence was improperly enhanced for his role in the offense because the district court considered testimony given outside Gonzales's presence; counsel provided ineffective assistance by depriving him of the opportunity to testify and by not challenging the failure of the indictment to allege a drug quantity; and the court erred by imposing a $50,000 fine.

Liberally construed, several of these claims are based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, Gonzales's concurrent 240-month imprisonment terms for conspiracy and possession of cocaine with intent to distribute do not violate <u>Apprendi</u> because they do not exceed the 20-year maximum of 21 U.S.C. § 841(b)(1)(C), which sets forth the baseline penalty range for

cocaine.  See United States v. Clinton, 256 F.3d 311, 314 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001) (holding that sentence enhanced within a baseline statutory range based upon a finding of drug quantity does not violate Apprendi).  His 60-month sentence for possession of marijuana does not exceed the 60-month statutory maximum under 21 U.S.C. § 841(b)(1)(D), the baseline penalty range for marijuana.  In addition, the $50,000 fine was well within the $1,000,000 statutory maximum of 21 U.S.C. § 841(b)(1)(C).

Gonzales's other claims, including that his sentence was improperly enhanced for his role in the offense, that counsel deprived him of the opportunity to testify, and that the court erred in calculating the fine amount, all relate to his conviction and sentence, and Gonzales has not satisfied the savings clause by showing that these claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.  See Reyes-Requena, 243 F.3d at 904.  The appropriate vehicle to address these types of claims is a 28 U.S.C. § 2255 motion, not a 28 U.S.C. § 2241 petition.  See id. at 901.

Gonzales has not shown why 28 U.S.C. § 2255 is an inadequate or ineffective remedy with respect to these issues and has not addressed the requirements of the savings clause.  Accordingly, the dismissal of his 28 U.S.C. § 2241 petition is AFFIRMED.  His motion for appointment of counsel is DENIED.