IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10052
Summary Calendar
_____

WILLIE JAMES POLLEY,

Petitioner-Appellant,

versus

L. E. FLEMING, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-521-Y
--------------------
May 28, 2002

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

Willie James Polley, federal prisoner # 05805-078, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he argued that his sentence was in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a claim this court had previously denied Polley permission to raise in a second 28 U.S.C. § 2255 motion. Polley argues that the holding in <u>Apprendi</u> applies retroactively to his case and rendered the federal drug

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

laws unconstitutional. He also argues that there was a double jeopardy violation when a state guilty-plea drug conviction was used to convict him of his federal conspiracy to possess with intent to distribute cocaine base conviction.

Polley was sentenced to 240 months' imprisonment, which is not above the maximum statutory range for an offense involving cocaine base. See 21 U.S.C. § 841(b)(1)(C). His sentence of imprisonment was thus not in violation of Apprendi. See United States v. Clinton, 256 F.3d 311, 314 (5th Cir.), cert denied, 122 S. Ct. 492 (2001); United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001). His argument that Apprendi rendered the federal drug statutes unconstitutional is without merit. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001). Polley has not shown why his double-jeopardy argument could not have been raised in his prior 28 U.S.C. § 2255 motion, and he has not demonstrated that he may raise that claim in a 28 U.S.C. § 2241 petition.

The district court's dismissal of Polley's 28 U.S.C. § 2241 petition is AFFIRMED.