IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20893
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEY LAMONT ANDERSON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-869-1
---------------------
June 13, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Juges.

PER CURIAM:[*]

     Joey Lamont Anderson appeals from his conviction for possession with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  Anderson argues that the evidence was insufficient to support his conviction for both offenses. Viewing the evidence in the light most favorable to the verdict,

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we conclude that the evidence was sufficient for a rational jury to conclude that Anderson knew there was 50 grams or more of cocaine base involved in the drug transaction and that Anderson carried the firearm in relation to the drug trafficking offense. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Smith v. United States, 508 U.S. 223, 237-38 (1993); United States v. Tolliver, 116 F.3d 120, 126 (5th Cir. 1997).

Anderson also argues that his sentence was improper under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the district court did not instruct the jury to find a drug quantity as an essential element of the offense. Apprendi is inapplicable to Anderson's term of imprisonment because Anderson was not sentenced above the 20-year statutory maximum for offenses involving an unspecified amount of cocaine. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001); 21 U.S.C. § 841(b)(1)(C). With respect to Anderson's term of supervised release, we conclude that any Apprendi error was harmless because there was no evidence from which the jury could rationally conclude that the quantity of drugs was less than the specific quantity alleged in the charges of the indictment for which the jury found him guilty. See United States v. Clinton, 256 F.3d 311, 314-15 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001); United States v. Green, 246 F.3d 433, 436-37 (5th Cir.), cert. denied, 122 S. Ct. 280 (2001).

AFFIRMED.