IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20819
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZARAGOSA SANDOVAL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-142-20
---------------------
June 18, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Zaragosa Sandoval appeals his conviction and sentence following his guilty plea for possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Sandoval first argues that his guilty plea was rendered invalid because his trial counsel rendered ineffective assistance in estimating the sentence he would receive under the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines. An erroneous estimate by counsel as to the length of an expected sentence is not necessarily indicative of ineffective assistance. Beckham v. Wainwright, 639 F.2d 262, 265 (5th Cir. 1981). Because Sandoval has not demonstrated that trial counsel acted unreasonably in estimating Sandoval's sentence under the guidelines with the information available to him at the time of the plea, Sandoval cannot prevail on his ineffective assistance claim. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). To the extent that Sandoval challenges counsel's effectiveness, we affirm the judgment of the district court.

Sandoval next argues that Federal Rule of Criminal Procedure 32(c)(2), his right to due process and his confrontation rights were violated when he was denied discovery and Jencks Act material regarding allegedly disputed sentence facts found in the pre-sentence report. He also contends that his sentence was violative of Apprendi v. New Jersey, 530 U.S. 466 (2000) because the factors used to enhance his sentence were not presented to a jury and proven beyond a reasonable doubt. He concedes that his Apprendi argument is foreclosed by our precedent in United States v. Clinton, 256 F.3d 311, 314 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001), but he raises the issue in an attempt to preserve it for further review.

As part of his plea agreement, Sandoval waived his right to appeal his sentence. Because the record shows that Sandoval's appeal waiver was valid, see United States v. Portillo, 18 F.3d

290, 292 (5th Cir. 1994), the portion of Sandoval's appeal relating to his sentence is dismissed.  See <u>United States v. Martinez</u>, 263 F.3d 436, 438 (5th Cir. 2001).

AFFIRMED IN PART; DISMISSED IN PART.