IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-30134
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY ELMORE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2557
USDC No. 95-CR-30024-3
--------------------
July 16, 2002

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry Elmore, a federal prisoner (# 09043-035), appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions and sentences for conspiracy to distribute cocaine base and distribution of cocaine base. The district court granted Elmore a certificate of appealability ("COA") on the issue whether <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), can be applied retroactively to Elmore's claims that his

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions and sentences were unconstitutional in that Elmore's indictment failed to charge a specific drug quantity and that the element of drug quantity was not submitted to the jury.

Two of the claims raised by Elmore in his 28 U.S.C. § 2255 motion--that "new" evidence showed that the trial court erred in sentencing Elmore and that his counsel performed ineffectively-- were barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2255. Elmore has argued that he is entitled to equitable tolling of the limitations period, but his failure to file his 28 U.S.C. § 2255 motion for ten months after allegedly learning of the disposition of his direct appeal shows that Elmore did not act expediently or diligently. See Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (28 U.S.C. § 2254 case).

Even if it is assumed *arguendo* that Apprendi applies retroactively to a case on collateral review, Elmore has not shown that his convictions and his concurrent 262-month prison terms violated the Due Process Clause. Elmore's sentence as to the conspiracy count, which charged him and his codefendants with a conspiracy involving "50 or more grams" of cocaine base, did not exceed the statutory maximum term. See United States v. Clinton, 256 F.3d 311, 314 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001); 21 U.S.C. § 841(b)(1)(A)(iii) (providing for a prison term of 10 years to life for offenses involving 50 or more grams of cocaine base). Although the trial court did not instruct the jury as to drug quantity, any error was harmless because the

record contains no evidence that could "rationally lead to a contrary finding" that the offense involved at least the amount of drugs specifically charged.  See Clinton, 256 F.3d at 315-16.

That Elmore's concurrent 262-month sentence as to his distribution count, for which no drug quantity was charged, may have violated Apprendi does not require that this court vacate the sentence because Elmore can show no "meaningful benefit" that he would receive from the vacating of that count.  See United States v. Meshack, 244 F.3d 367, 368 (5th Cir.), cert. denied, 122 S. Ct. 142 (2001).

Accordingly, we need not reach the question on which the district court granted COA.  The district court's order denying Elmore's 28 U.S.C. § 2255 motion to vacate is AFFIRMED.