IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20790
Summary Calendar
_____

UNITED STATES OF AMERICA

             Plaintiff - Appellee

    v.

FRANCISCO ORTIZ

             Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-874-1
--------------------
September 4, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Francisco Ortiz appeals his sentence for aiding and abetting
and conspiracy to possess with intent to distribute more than 500
grams of cocaine.  Ortiz argues that: 1) the logic of Apprendi v.
New Jersey, 530 U.S. 466 (2000) should be extended to Guidelines
enhancements for drug quantity and firearm possession; 2) the
district court erred by including an additional drug quantity
calculated by converting seized cash into a drug equivalent;

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

3) the district court miscalculated his criminal history score; and 4) Apprendi has rendered 21 U.S.C. § 841(b) unconstitutional.

Ortiz argues that under Apprendi, the district court erred in applying certain sentencing enhancements where the facts underlying the enhancements were not charged in the indictment or proven beyond a reasonable doubt. Ortiz acknowledges that he raises this issue to preserve it for further review, and concedes that this court's precedent does not require that sentencing factors be charged in the indictment and determined by a factfinder beyond a reasonable doubt. See United States v. Clinton, 256 F.3d 311, 314 (5th Cir.)(citation omitted), cert. denied, 122 S.Ct. 492 (2001). We are bound by our prior precedent on this point. See Hoque v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997).

Ortiz argues that the district court erred by converting seized cash into a drug equivalent and including that additional quantity of cocaine as relevant conduct. He argues that before making such a conversion, a district court must find that there was no drug seizure or that the amount seized does not reflect the scale of the offense. See § 2D1.1, comment. (n.12). The district court satisfied the requirement that it make a finding on every controverted matter by rejecting the defendant's objections and orally adopting the findings of the presentence report. See United States v. Brown, 29 F.3d 953, 958 (5th Cir. 1994). We also conclude that there was an adequate evidentiary

basis to find that the seized currency was drug-related; Ortiz presented no rebuttal evidence, so the district court was free to adopt the PSR's findings without further inquiry. See United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

Ortiz argues that courts have previously held that drug type and quantity are sentencing factors, but that under Apprendi, treating these as sentencing factors is unconstitutional. Because courts cannot rewrite a statute to correct unconstitutional provisions, he argues that the provisions of § 841 which determine the statutory maximum must be stricken as unconstitutional. Ortiz acknowledges that he raises this issue only to preserve it for further review, and that this argument is foreclosed by our decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).

Ortiz argues that the presentence report improperly assigned two criminal history points for a prior sentence of imprisonment, and that this error resulted in a higher Guidelines range. Prior sentences are not counted if they were imposed more than 10 years prior to the commencement of the instant offense. See § 4A1.1, comment. (n. 2); see also § 4A1.2(e)(2), (3). The Government concedes that the conviction should not have been included in Ortiz's criminal history score. If there was an erroneous application of the guidelines, the party supporting the sentence must demonstrate that the district court would have imposed the

same sentence absent the error.  <u>United States v. Tello</u>, 9 F.3d 1119, 1129 (5th Cir. 1993).  However, the Government concedes that the record is unclear on this point.

Therefore, we VACATE Ortiz's sentence and REMAND this case to the district for resentencing.