IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10469
Conference Calendar

_____


OZIEL GONZALEZ MARTINEZ,

                                        Petitioner-Appellant,

versus

SAM PRATT, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-91-R
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ozeil Gonzalez Martinez, federal prisoner # 75159-9000, was
convicted in 1993 of conspiracy to import at least one kilogram
of heroin, conspiracy to possess with intent to distribute at
least one kilogram of heroin, and several counts of possession
with intent to distribute heroin.  He appeals the district
court's denial of his 28 U.S.C. § 2241 petition, wherein he
argued that his sentence of concurrent terms of 210 months'

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

imprisonment for each count was in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because his sentences were based upon six kilograms of heroin.

The district court determined that Martinez had not met the requirements of 28 U.S.C. § 2255's savings clause and that Martinez could not raise his claim in a 28 U.S.C. § 2241 petition. His sentences were below the lowest statutory maximum for his convictions. <u>See</u> 21 U.S.C. § 841(b)(1)(C). There was no <u>Apprendi</u> violation. <u>See</u> <u>United States v. Clinton</u>, 256 F.3d 311, 314 (5th Cir.), <u>cert denied</u>, 122 S. Ct. 492 (2001); <u>United States v. Doggett</u>, 230 F.3d 160, 166 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1177 (2001). Further, the district court's determination that <u>Apprendi</u> does not apply retroactively to cases on collateral review and that an <u>Apprendi</u> claim does not satisfy the requirements of 28 U.S.C. § 2255's savings clause was correct. <u>See</u> <u>Wesson v. U.S. Penitentiary, Beaumont, TX</u>, 305 F.3d 343 (5th Cir. 2002).

AFFIRMED.