United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-50424
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN GARCES PERALES,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-75-1
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Garces Perales appeals the sentence imposed by the district court upon his plea of guilty to possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Finding no error we affirm.

Perales contends that the district court erred in determining drug quantity because the statements of a confidential

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informant ("CI") were unreliable. In making its drug quantity determination, the district court considered the CI's statements contained in the PSR as well as the testimony of a narcotics officer involved in the investigation of Perales. The officer testified that several people, other than the CI, reported information linking Perales to large quantities of methamphetamine. The district court did not clearly err in determining that Perales was accountable for 16.7 kilograms of methamphetamine under U.S.S.G. § 2D1.1. United States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001); United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1990).

Perales also argues that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002), the district court plainly erred in using a preponderance-of-the-evidence standard to determine drug quantity. Because the 235-month sentence imposed did not exceed the 240-month statutory maximum sentence allowed by 21 U.S.C. § 841(b)(1)(C), there is no Apprendi violation. See United States v. Clinton, 256 F.3d 311, 314 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001). Because the district court's drug quantity determination did not subject Perales to the death penalty, Ring is inapposite to his case. See Ring, 122 S. Ct. at 2443.

**AFFIRMED.**