United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 02-61040
Summary Calendar

————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FIDEL OROZCO AYALA, also known as Fidel Delgado

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CR-162-WN-ALL
---------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Fidel Orozco Ayala appeals his conviction following a
jury trial for conspiracy to distribute a substance containing
methamphetamine in an amount exceeding 500 grams.  Ayala was
sentenced to life imprisonment.

Ayala argues that the district court erred in denying
his FED. R. CRIM. P. 29 motion for acquittal based on the
insufficiency of the evidence.  He argues that there was no

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

evidence to support a finding that he agreed to participate in a conspiracy to transport methamphetamine from California to Mississippi.

Viewing the evidence in the light most favorable to the jury's verdict, including the testimony of Dionicio Lopez and the telephone records of the co-conspirators, it reflected that Ayala agreed to and provided methamphetamine to Lopez on a continuing basis for distribution to Henry York in Mississippi. See United States v. Payne, 99 F.3d 1273, 1278 (5th Cir. 1996). The evidence of their ongoing drug distribution activity also showed that there was more than a buyer/seller relationship between Ayala and Lopez. United States v. Casel, 995 F.2d 1299, 1306 (5th Cir. 1993).

Ayala argues for the first time on appeal that the district court's jury instructions were insufficient under Apprendi v. New Jersey, 530 U.S. 466 (2000), because they allowed the jury to convict him without proof of all elements of the offense. The indictment sufficiently stated the elements of the drug conspiracy offense and was read to the jury as part of the jury instructions. The jury was also advised that the Government was required to prove beyond a reasonable doubt that the conspiracy involved possession with intent to distribute at least 500 grams of methamphetamine. The jury instruction was sufficient to satisfy the requirements of Apprendi. See United States v. Clinton, 256 F.3d 311, 314-315 (5th Cir. 2001).

Further, due to the essentially uncontroverted evidence that Ayala distributed for resale far in excess of 500 grams of methamphetamine, any error in the jury instructions did not affect his substantial rights nor did it affect the fairness of the judicial proceeding.  See United States v. Cotton, 535 U.S. 625, 631-33 (2002).

AFFIRMED.