United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30204
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL EDWARD RHEA, also known as Carlos Olmedo,
also known as Country,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50045-ALL
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Paul Edward Rhea, a/k/a Carlos Olmedo, a/k/a Country,

appeals his sentence following a guilty plea for distribution of

five grams or more of methamphetamine in violation of 21 U.S.C.

§ 841(a)(1). Rhea argues that under the reasoning of Apprendi v.

New Jersey, 530 U.S. 466, 490 (2000), his base offense level for

sentencing purposes should have been determined with reference

only to the drug quantity alleged in count one of his indictment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the count to which he pleaded guilty. Rhea acknowledges that his argument is foreclosed by this court's precedent but raises it to preserve the issue for possible Supreme Court review.

Rhea does not dispute that his 135-month prison term and five-year term of supervised release are within the statutory maximum for his offense. See 21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C. §§ 3559(a)(2), 3583(b)(1). Because Rhea's sentence is within the statutory maximum, Apprendi is not implicated. See United States v. Fort, 248 F.3d 475, 483 (5th Cir. 2001) (Apprendi not implicated where sentence was within relevant range for drug quantity alleged in indictment and stipulated to by defendant). This court "has expressly rejected the argument that Apprendi applies to enhancements based upon the sentencing guidelines, whether tied to quantity or some other relevant fact, which do not cause the sentence to exceed the statutory range." United States v. Clinton, 256 F.3d 311, 314 (5th Cir. 2001) (jury trial).

AFFIRMED.